COWAN, LIEBOWITZ & LATMAN, P.C.
Jonathan Z. King (jzk@cll.com)
Eric J. Shimanoff (ejs@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

                     Plaintiffs,           Civil Action No.

    v.

BALENCIAGA AMERICA, INC.,

                     Defendant.

---

### COMPLAINT AND JURY DEMAND

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Balenciaga America, Inc., allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for trademark infringement, false designations of origin, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law.

### PARTIES

2. Plaintiff CFC is a Delaware corporation with its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601.

29887/041/2524160

3. Plaintiff JSL is a Bermuda corporation with its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

4. Upon information and belief, Defendant Balenciaga America, Inc. ("Balenciaga") is a Delaware corporation with places of business within this judicial district and registered as a foreign business corporation with the State of New York.

5. Upon information and belief, Balenciaga is the United States office and headquarters of the fashion brand Balenciaga, which designs, manufactures, and markets fashion and accessory items for men, women and children.

6. Upon information and belief, Balenciaga markets its goods both through third party retailers, via its own company website, and through dedicated company stores, including boutiques located in the U.S., with three locations in New York City.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1331 and 1338. This court has supplemental jurisdiction over the claims arising under the laws of New York pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d).

## PLAINTIFFS' BUSINESS AND TREE DESIGN MARKS

9. For over 60 years, under license from JSL and its predecessors, CFC and its predecessors have used trademarks and corporate identifiers comprising or containing a distinctive abstract Tree design (the "Tree Design Marks"), in connection with the manufacture, marketing and sale of various products. The Tree Design Marks are most famously associated

with the world famous LITTLE TREES air fresheners ("LITTLE TREES Air Fresheners), examples of which are depicted below:

   

10. Plaintiffs' and their respective predecessors' rights in the Tree Design Marks date back to at least 1952.

11. JSL is the owner of the Tree Design Marks, and CFC is the exclusive licensee of the Tree Design Marks for air fresheners in the United States.

12. In addition to the ubiquitous LITTLE TREES Air Fresheners, over the years, Plaintiffs have used the Tree Design Marks in connection with many additional goods that promote and benefit from association with the Tree Design Marks, including without limitation luggage tags, key rings, playing cards, greeting cards, shirts, backpacks and duffle bags, pens, stickers, umbrellas, clocks and watches, downloadable computer graphics, toys, magnets, water bottles, and many more. Examples of some of these items appear below:

   

29887/041/2524160



13.     Plaintiffs use the Tree Design Marks in many different fashions to identify Plaintiffs as the source of high quality goods.  Among many other uses, the Tree Design Marks appear on the packaging for Plaintiffs' products, on the products themselves, in various forms of advertising and promotions for Plaintiffs and their products, throughout websites operated by Plaintiffs, on signage, and as the familiar shape of the LITTLE TREES Air Fresheners.  The Tree Design Marks are, in short, the essence of Plaintiffs' brand, which has been a familiar presence in U.S. commerce for well over half a century.

14.     Plaintiffs' products bearing the Tree Design Marks are sold throughout the United States and in most countries around the world, through a wide variety of different trade channels, and they appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

15.     Plaintiffs' products bearing the Tree Design Marks are also widely promoted in a variety of media, including on numerous websites, magazines and printed promotional materials.

16.     Because of the fame and public recognition of the Tree Design Marks, third parties have regularly requested that Plaintiffs license the Tree Design Marks to them for various goods and services and for use in print, television and online advertising.  Such third party licensed users have included Buffalo Wild Wings, Inc., Pactiv Corporation, Nestle Purina PetCare Company, Utah First Credit Union, Discover Financial Services, Brooks Sports, Kia

Motors America, Inc., A&E Networks, LLC, and Capitol One.  Additionally, JSL recently granted a license for renowned designer Anya Hindmarch to use the Tree Design Marks as the configuration of high quality hang tags for handbags, sold for hundreds of dollars, as shown in the images that appear immediately below:



17.	As a result of this widespread and longstanding use, promotion and licensing of the Tree Design Marks and the products they designate, Plaintiffs' products sold in connection with those marks have been a tremendous commercial success, with hundreds of millions circulating annually in U.S. commerce.  Indeed, products bearing Plaintiffs' Tree Design Marks have become staples of American culture, familiar to millions of consumers who encounter these products and marks in a wide variety of commercial contexts and recognize the Tree Design Marks as designating products and services of the highest and most reliable quality.

18.	As a result of this long and extensive use and promotion, the Tree Design Marks enjoy widespread public recognition.  They have acquired tremendous goodwill and secondary meaning among the consuming public, which recognizes the Tree Design Marks as exclusively associated with Plaintiffs.

19. The Tree Design Marks are famous among the general consuming public and have enjoyed such fame since long prior to Balenciaga's infringing acts complained of herein.

20. JSL owns the following incontestable federal trademark registrations for the Tree Design Marks, among others, that cover a variety of goods, including without limitation air fresheners, shirts, hats, pens, stickers, and luggage tags:

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| | 1,781,016 | July 13, 1993 | Air freshener, in Class 5 |
| | 1,791,233 | September 7, 1993 | Air freshener, in Class 5 |
| | 3,766,310 | March 30, 2010 | Air fresheners, in Class 5; pens and stickers, in Class 16; luggage tags, in Class 18; shirts and hats, in Class 25 |
| | 2,741,364 | July 29, 2003 | Travel bags, in Class 18; shirts, sweatshirts, t-shirts and caps, in Class 25 |

29887/041/2524160

21. Registration Nos. 719,498, 1,781,016, 1,791,233, 3,766,310, and 2,741,364 are incontestable pursuant to 15 U.S.C. § 1065.

22. Pursuant to 15 U.S.C. § 1115(a), JSL's registrations of the Tree Design Marks constitute *prima facie* evidence of the validity of such marks, of JSL's ownership of such marks, and of JSL's exclusive right to use and license such marks in connection with the goods identified in such registrations. Pursuant to 15 U.S.C. § 1115(b), JSL's incontestable registrations noted above are conclusive evidence of the validity of the marks and their corresponding registrations, of JSL's ownership of those marks, and of Plaintiffs' exclusive right to use those marks in commerce.

23. Plaintiffs' also have potent common law trademark rights in the Tree Design Marks by virtue of their longstanding and well-recognized use in commerce.

### BALENCIAGA'S UNLAWFUL CONDUCT

24. Upon information and belief, Balenciaga designs, manufactures and markets apparel and accessory items for men, women and children.

25. Plaintiffs recently discovered that Balenciaga, without authorization from Plaintiffs, is offering for sale and has sold leather key rings that are deliberately designed to replicate Plaintiffs' famous Tree Design Marks and LITTLE TREES Air Fresheners (the "Infringing Products"). Images of the Infringing Products, which are offered in multiple colors, appear below:



26. Upon information and belief, Balenciaga offers the Infringing Products through multiple trade channels. For example, the Infringing Product depicted below (shown front and back) was purchased from one of Balenciaga's Manhattan stores in September 2018:



27. Third party retailers, such as Neiman Marcus, have also offered the Infringing Product on their websites.

28. Balenciaga's own consumer website, located at www.balenciaga.com, offers the Infringing Product, as illustrated below by an image captured on October 12, 2018 from the relevant page of the Balenciaga site:



29887/041/2524160

Notably, the "Product Details" for the Infringing Product leads with the statement that the Infringing Products represent "Car fresheners inspiration," leaving little doubt about the source of Balenciaga's infringing design. Balenciaga's markets the Infringing Product overseas with similar express references to Plaintiffs' products. For example, the French version of the Balenciaga website states that the Infringing Product is "Inspiré des arbres désodorisants pour voiture", which translates to "Inspired by the tree air fresheners for cars."

29. Upon information and belief, Balenciaga has also distributed a very slightly different version of the Infringing Product even more closely designed to mimic Plaintiffs' Tree Design Marks. An example of this version of the Infringing Product appears below:



The contours of this particular iteration of the Infringing Product track <u>exactly</u> the shape and dimensions of a genuine LITTLE TREES Air Freshener.

30. A comparison of the two known iterations of the Infringing Product to a genuine LITTLE TREES Air Freshener (pictured in the middle) underscores how slavishly Balenciaga copied Plaintiffs' famous Tree Design Marks in shape, dimension and overall appearance:



Indeed, Balenciaga has even copied the specific colors associated with some of the popular scents in which Plaintiffs' LITTLE TREES Air Fresheners are offered, as illustrated below:



31. Balenciaga has also applied its copycat design to a type of merchandise closely similar to genuine, authorized goods bearing the Tree Design Marks, such as keyrings and leather luggage tags. The following comparison of the Infringing Product to authorized merchandise, which Plaintiffs have offered directly or through licensees, further highlights the confusing similarity between the parties' designs and products:

10

| **Plaintiffs' Authorized Merchandise** | **Infringing Product** |
|---|---|
|  |  |

32.     Plaintiffs have never given Balenciaga permission to use Plaintiffs' Tree Design Marks in the sale or promotion of its products.

33.     Balenciaga's use of a design copied from Plaintiffs' famous Tree Design Marks, particularly in connection with the kinds of merchandise to which the Tree Design Marks have been applied, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Balenciaga's products and to mislead the public into believing that Balenciaga's products emanate from, are approved or sponsored by, are licensed by, or are in some way associated or connected with Plaintiffs.

34.     Upon information and belief, Balenciaga was not only aware of Plaintiffs' famous Tree Design Marks prior to its manufacture and distribution of the Infringing Products, but deliberately based its design on what it expressly describes as "Car Fresheners inspiration." Such conduct is willful and intentional and betrays reckless disregard for Plaintiffs' trademark rights.

35.     Balenciaga, by its acts complained of herein, has infringed the Tree Design Marks, diluted the unique commercial impression of the Tree Design Marks, unfairly competed with Plaintiffs in the marketplace, and improperly used Plaintiffs' reputation and goodwill to promote and sell Balenciaga's goods, which are not connected with, or authorized, approved, licensed, produced, or sponsored by, Plaintiffs.

29887/041/2524160

36. Plaintiffs have notified Balenciaga of its unlawful conduct, but Balenciaga continues to infringe and dilute the Tree Design Marks.  For example, Balenciaga has failed to remove the Infringing Products from its website.

37. Balenciaga's aforesaid acts have caused and, unless enjoined, will continue to cause irreparable damage and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

## CLAIM I
## INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)

38. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 as if set forth herein.

39. Balenciaga's conduct as set forth above is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Balenciaga's goods and falsely mislead consumers into believing that Balenciaga's goods originate from, are affiliated or connected with, or approved by, Plaintiffs.

40. Balenciaga's activities constitute an infringement of the registered Tree Design Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

41. Balenciaga's acts of infringement have caused injury to Plaintiffs.

42. Upon information and belief, Balenciaga has engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

43. Balenciaga's acts of infringement, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## CLAIM II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FEDERAL)

44. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 43 as if set forth herein.

45. Balenciaga's unlawful and improper conduct as set forth above is likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Balenciaga's goods, or to falsely mislead consumers into believing that Balenciaga's goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

46. Balenciaga's activities constitute infringement of Plaintiffs' Tree Design Marks, false designations of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

47. Balenciaga's acts of infringement, false designations of origin, and unfair competition have caused injury to Plaintiffs.

48. Upon information and belief, Balenciaga has engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

49. Balenciaga's acts of infringement, false designations of origin, and unfair competition, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## CLAIM III
## TRADEMARK DILUTION (FEDERAL)

50. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 49 as if set forth herein.

51. Plaintiffs are the owners and licensee of Plaintiffs' Tree Design Marks, which are distinctive and famous among the general consuming public in the United States, and have been famous since long before Balenciaga engaged in the activities complained of herein.

13

52. Balenciaga has created a deliberate and explicit association between the Infringing Products and Plaintiffs' Tree Design Marks in a fashion that impairs the distinctiveness of the Tree Design Marks.

53. Balenciaga's activities as set forth above are likely to dilute, impair, and blur the distinctive quality of Plaintiffs' famous Tree Design Marks in violation of 15 U.S.C. § 1125(c).

54. Balenciaga's acts of dilution have caused injury to Plaintiffs.

55. Upon information and belief, Balenciaga has engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

56. Balenciaga's acts have caused substantial and irreparable damage and injury to Plaintiffs and in particular to their valuable goodwill and the distinctive quality of their famous Tree Design Marks and, if continued, will continue to cause substantial and irreparable damage and injury to Plaintiffs for which they have no adequate remedy at law.

## CLAIM IV
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

57. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 57 as if set forth herein.

58. Balenciaga's activities have been and, if continued, are likely to dilute Plaintiffs' distinctive quality of the Tree Design Marks, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

59. Balenciaga's violations of New York General Business Law § 360-l have caused injury to Plaintiffs.

60. Balenciaga's violations of New York General Business Law § 360-l have caused, and, if continued, will continue to cause Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

29887/041/2524160

## CLAIM V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (COMMON LAW)

61. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 60 as if set forth herein.

62. Balenciaga's activities complained of herein constitute unfair competition under New York State common law.

63. Balenciaga's aforesaid violations of New York State common law have caused injury to Plaintiffs.

64. Balenciaga's aforesaid violations of New York State common law, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Balenciaga as follows:

A. That Balenciaga's and its affiliates, officers, agents, servants, employees, successors, and assigns, and all persons in active concert or participation with them who receive actual notice of the injunction order, by personal service or otherwise, be enjoined, preliminarily and permanently, from:

1. Any manufacture, production, sale, import, export, distribution, advertisement, promotion, display, or other exploitation of the Infringing Products;

2. Any use of Plaintiffs' Tree Design Marks, or any other marks, designs, products, designations, or displays confusingly similar thereto, in connection with any goods or services;

3. Committing any other acts that infringe or dilute Plaintiffs' Tree Design Marks or unfairly compete with Plaintiffs; and

15

       4.       Committing any other acts calculated or likely to cause consumers to believe that Defendant or its goods or services are in any manner connected, affiliated, or associated with or sponsored or approved by Plaintiffs.

    B.       Pursuant to 15 U.S.C. § 1118, that Balenciaga deliver to Plaintiffs for destruction all units of the Infringing Products and all materials (including without limitation all advertisements, promotional materials, brochures, signs, displays, packaging, labels, and/or website materials) within its possession, custody or control, either directly or indirectly, that display or incorporate images of the Infringing Product, the Tree Design Marks or any other marks, designs, products, designations, or displays confusingly similar thereto;

    C.       Pursuant to 15 U.S.C. § 1116, that Balenciaga file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with paragraphs A and B above;

    D.       Pursuant to 15 U.S.C. § 1117(a), that Balenciaga be directed to account to Plaintiffs for all gains, profits and advantages derived from Balenciaga's wrongful acts;

    E.       Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Balenciaga three times the amount of its profits flowing from the infringement and dilution of the Tree Design Marks;

    F.       Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Balenciaga their attorneys' fees and costs in this action;

    G.       That Plaintiffs recover prejudgment interest; and

    H.       That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated:  October 19, 2018    Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:   s/ Jonathan Z. King
    Jonathan Z. King (jzk@cll.com)
    Eric J. Shimanoff (ejs@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200
*Attorneys for Plaintiffs*