UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2018

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

               Plaintiffs,

v.

BALENCIAGA AMERICA, INC.,

               Defendant.

1:18-CV-09629 (VEC)

**JOINT CIVIL CASE**
**MANAGEMENT PLAN AND**
**SCHEDULING ORDER**

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.    Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by January 14, 2019.

3.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than January 4, 2019.

4.    **Discovery**

    a.    All fact discovery shall be completed no later than ~~May 31~~ August 30, 2019

    b.    All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than ~~October 31, 2019~~ Dec. 31, 2019.

1. Expert Reports on issues for which party bears burden of proof: June 15, 2019.

2. Rebuttal Reports: August 15, 2019.

3. Reply to any Rebuttal Reports: September 15, 2019.

4. Expert depositions completed by October 31, 2019.

c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

5. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

__X__ Immediate referral to the District's Mediation Program (Plaintiffs' Position)

_____ Immediate referral to a Magistrate Judge

_____ Referral to the District's Mediation Program after the close of fact discovery

_____ Referral to a Magistrate Judge after the close of fact discovery

__X__ Other: Referral to a Magistrate Judge if private settlement efforts are unsuccessful (Defendant's Position).

6. This case is to be tried to a jury.

2

29887/041/2533228.2

7.  This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

8.  The next pretrial conference is scheduled for _Sept 6, 2019_ at _10:00am_ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a.  a statement of all existing deadlines, due dates, and/or cut-off dates;

    b.  a brief description of any outstanding motions;

    c.  a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d.  a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e.  a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f.  a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

3

      g.    any other issue that the parties would like to address at the pretrial conference; and

      h.    any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

COWAN, LIEBOWITZ & LATMAN, P.C.    COLLEN

By: s/ Jonathan Z. King
Jonathan Z. King (jzk@cll.com)
Eric J. Shimanoff (ejs@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200

*Attorneys for Plaintiffs*

By: s/Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum
(jlindenbaum@collenip.com)
80 South Highland Avenue
Ossining, New York 10562
(914) 941-5668

*Attorneys for Defendant*

SO ORDERED.

Date: 12/14/18
New York, New York

_____
VALERIE CAPRONI
United States District Judge

4