UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION and, JULIUS SAMANN LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BALENCIAGA AMERICA, INC., <br><br> Defendant. | Civil Action No.: 18-cv-9629 (VEC) <br><br> **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

## ANSWER

Defendant Balenciaga America, Inc. ("BAI") answers the Complaint ("Complaint") brought by plaintiffs as follows:

## NATURE OF THE ACTION

1. BAI admits that this is a civil action for the alleged claims but denies those claims and denies that Plaintiffs are entitled to any relief.

## PARTIES

2. BAI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. BAI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them

4. BAI admits the allegations of Paragraph 4.

5. BAI denies the allegations of Paragraph 5, but admits that it has marketed fashion and accessory items in the United States.

1

6. BAI admits that it markets goods through third party retailers, a company website, and through dedicated company stores, including boutiques located in the U.S, with locations in New York City.

## JURISDICTION AND VENUE

7. BAI admits the allegations of Paragraph 7.

8. BAI admits the allegations of Paragraph 8.

## PLAINTIFF'S BUSINESS AND TREE DESIGN MARKS

9. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies them.

10. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies them

11. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies them

12. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies them

13. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

14. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies them.

15. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies them.

16. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies them

17. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies them.

19. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies them, and denies there has been any infringement.

20. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies them.

21. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies them.

22. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22, and therefore denies them.

23. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore denies them.

## BALENCIAGA'S ALLEGED UNLAWFUL CONDUCT

24. BAI denies the allegations of paragraph 24.

25. BAI denies the allegations of paragraph 25.

26. BAI denies the allegations of paragraph 26.

27. BAI denies the allegations of paragraph 27.

28. BAI denies the allegations of paragraph 28.

29. BAI denies the allegations of paragraph 29.

30. BAI denies the allegations of paragraph 30.

31. BAI denies the allegations of paragraph 31.

32. BAI admits that it has not received permission from Plaintiffs, but denies that permission was necessary.

33. BAI denies the allegations of paragraph 33.

34. BAI denies the allegations of paragraph 34.

35. BAI denies the allegations of paragraph 35.

36. BAI denies the allegations of paragraph 36.

37. BAI denies the allegations of paragraph 37.

## **CLAIM I**

38. BAI repeats and incorporates by reference its answers and responses set forth above.

39. BAI denies the allegations of paragraph 39.

40. BAI denies the allegations of paragraph 40.

41. BAI denies the allegations of paragraph 41.

42. BAI denies the allegations of paragraph 42.

43. BAI denies the allegations of paragraph 43.

## **CLAIM II**

44. BAI repeats and incorporates by reference its answers and responses set forth above.

45. BAI denies the allegations of paragraph 45.

46. BAI denies the allegations of paragraph 46.

47. BAI denies the allegations of paragraph 47.

48. BAI denies the allegations of paragraph 48.

49. BAI denies the allegations of paragraph 49.

## **CLAIM III**

50. BAI repeats and incorporates by reference its answers and responses set forth above.

51. BAI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 51, and therefore denies them.

52. BAI denies the allegations of paragraph 52.

53. BAI denies the allegations of paragraph 53.

54. BAI denies the allegations of paragraph 54.

55. BAI denies the allegations of paragraph 55.

56. BAI denies the allegations of paragraph 56.

### CLAIM IV

57. BAI repeats and incorporates by reference its answers and responses set forth above.

58. BAI denies the allegations of paragraph 58.

59. BAI denies the allegations of paragraph 59.

60. BAI denies the allegations of paragraph 60.

### CLAIM V

61. BAI repeats and incorporates by reference its answers and responses set forth above.

62. BAI denies the allegations of paragraph 62.

63. BAI denies the allegations of paragraph 63.

64. BAI denies the allegations of paragraph 64.

## GENERAL DENIAL

Except as expressly admitted herein, BAI denies each and every allegation contained in the Complaint, and denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief, and therefore demands strict proof thereof.

## PRAYER FOR RELIEF

BAI denies that Plaintiffs are entitled to any of the requested relief and denies any allegations in paragraphs A through H of their prayer for relief.

## AFFIRMATIVE DEFENSES

BAI alleges and asserts the following affirmative defenses. In addition to the affirmative defenses set forth below, BAI specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged trademarks and registrations do not function as a trademark and have been abandoned.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred because one or more of Plaintiffs' marks and registrations are invalid as being functional, including as disclosed in US Utility Patent No. 3.065,915, which among other things describes the utilitarian purposes of the tree shape of Plaintiffs' product.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs can claim no trademark rights in the alleged marks and registrations because the design that Plaintiffs seek to enforce is generic and does not function as a trademark.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, or Plaintiffs' recovery should be reduced, or Plaintiffs are not entitled to judgment or relief, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no recoverable damages, or have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

At all times Defendant acted in a lawful and reasonable manner.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because one or more of Plaintiffs' marks and registrations are invalid as aesthetically functional.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no likelihood of confusion in the marketplace.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not act willfully, in bad faith, or with malicious intent.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's use does not constitute trademark use and/or is a fair use.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part because the structure comprising one or more of Plaintiffs' marks and/or registrations was dedicated to the public upon expiration of U.S. Patent No. 3,065,915, and the assertion of such structure as a trademark is trademark misuse and an unlawful attempt to extend a patent monopoly.

## **COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, BAI asserts the following Counterclaim as against Plaintiffs:

## **THE PARTIES**

1. Counterclaim-Plaintiff Balenciaga America, Inc. ("BAI") is a Delaware corporation with a place of business within this judicial district.

2. Upon information and belief, Counterclaim-Defendant Car-Freshner Corporation is a Delaware corporation with its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601.

3. Upon information and belief, Counterclaim-Defendant Julius Samann Ltd. is a Bermuda corporation with its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement of the trademarks alleged in this action. An actual and justiciable controversy exists between Plaintiff and Defendant regarding infringement of the alleged trademarks. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1367, 2201, and 2202. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over the Counterclaim-Defendants.

## FACTUAL BACKGROUND

6. In its Complaint the Counterclaim-Defendants allege federal and common law trademark infringement, federal and state dilution and unfair competition (the "Claims") against BAI. BA denies the Claims and denies that the Counterclaim-Defendants are entitled to any relief. Consequently, there exists an actual case or controversy between the parties with respect to the Claims.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT, NON-DILUTION AND NO UNFAIR COMPETITION

7. BAI realleges and incorporate by reference the foregoing paragraphs.

8. An actual and present justiciable controversy requiring declaratory relief now exists between BAI and Counterclaim-Defendants.

9. BAI does not infringe any of the intellectual property rights alleged to be owned by the Counterclaim-Defendants and has committed no acts of infringement, dilution and/or unfair competition.

10. BAI seeks a judicial declaration finding that BAI has not infringed and does not infringe the Counterclaim Defendants' trademarks, nor has committed any acts of dilution or unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, BAI prays for judgment as follows:

  a.  A judgment in favor of BAI denying all of the relief requested in the Counterclaim-Defendants' Complaint in this action and dismissing the Complaint with prejudice;

  b.  A judgment in favor of BAI on all of its Counterclaims;

  c.  A declaration that BAI has not infringed or committed any acts of dilution or unfair competition;

  e.  An award of BAI's attorneys' fees and costs expended in defending the Complaint and prosecuting the Counterclaims herein; and

  f.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, BAI respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

By: __s/ Jeffrey A. Lindenbaum_
Jeffrey A. Lindenbaum (JL-1971)
Jess M. Collen (JC-2875)
Michael Nesheiwat (MW-0453)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
Fax. (914) 941-6091
jlindenbaum@collenip.com

*Attorneys for Balenciaga America, Inc.*

Dated: December 17, 2018

# **CERTIFICATE OF SERVICE**

I, Jeffrey A. Lindenbaum, hereby certify that on December 17, 2018 I caused a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaims to be filed with the Court via ECF, which will send notification to all counsel of record.

                                                                              s/ Jeffrey A. Lindenbaum